UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,

*Plaintiff,*

VS.                                                                        Civil Action No. 1:23-cv-00034

RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS and TIMOTHY FLYNN in their individual and official capacities; GERO MEYERSIEK,

*Defendants*

## **PLAINTIFF'S 21-DAY NOTICE OF INTENT TO FILE RULE 11 MOTION FOR SANCTIONS AGAINST DEFENDANTS**

      Pursuant to Fed. Civ. R. P. 11, the Plaintiff hereby gives defendants the 21-day notice of Plaintiff's intent to file Rule 11(b) Sanctions against defendants Rhode Island Office of Child Support Services, Kevin Tighe, Monique Bonin, Frank DiBiase, Wendy Fobert, Karla Caballeros, and Timothy Flynn, for filing the Motion for Extension of Time (ECF 15) that has no reasonable factual basis, is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and is filed in bad faith for an improper purpose.

Respectfully submitted,

March 3, 2023

                                            FOR PLAINTIFF
                                            MARY SEGUIN, Pro Se.

                                            By: _____*Mary Seguin*_____
                                            Mary Seguin
                                            P.O. Box 22022
                                            Houston, TX 77019
                                            maryseguin22022@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 3, 2023, I filed the within 21-day Notice via the ECF filing system and that a copy is available for viewing and downloading.

                                                              _/s/ Mary Seguin_____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,

*Plaintiff,*

VS.                                                                                             Civil Action No. 1:23-cv-00034

RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS and TIMOTHY FLYNN in their individual and official capacities; GERO MEYERSIEK,

*Defendants*

## PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS AGAINST DEFENDANTS

Pursuant to Fed. Civ. R. P. 11(b), the Plaintiff hereby moves this Honorable Court to impose Rule 11(b) Sanctions against defendants Rhode Island Office of Child Support Services, Kevin Tighe, Monique Bonin, Frank DiBiase, Wendy Fobert, Karla Caballeros, and Timothy Flynn, for filing the Motion for Extension of Time (ECF 15) that has no reasonable factual basis, is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and is filed in bad faith for an improper purpose.  In support of this motion, the Plaintiff states the following facts:

1. The defendants filed through counsel the Motion for Extension of Time (ECF 15) on February 28, 2023 relying on the false representation to this Court that "Following the hearing, the Rhode Island Family Court found significant arrears owed by Seguin but continued the matter to allow Seguin the opportunity to further dispute those arrears, then alleging that in light of the this false misrepresentation, an enlargement of time is in the interest of judicial economy.

2. Defendants' above representation is patently false and clearly a lie.  The fact remains, the Rhode Island Family Court did not make any findings of fact regarding

arrears, and did <u>not</u> find significant arrears owed by Seguin.  The fact is, the family court continued hearing on RI OCSS's motion to establish arrears to June 8, 2023 in order to allow for discovery of facts, and ordered RI OCSS to comply with discovery by Seguin forthwith.  Plaintiff respectfully asks this Court, does this Court make findings of fact first without the collection of data and discovery of facts before it, and then continue the hearing to a later date, while ordering the moving party (RI OCSS) to comply with discovery forthwith?  Clearly not, and that should not happen in any trial tribunal in our justice system.  Therefore, defendants' absurd representation of the sequence of trial procedure and process fails, on its face, for the sheer misrepresentation of the procedural process in trial tribunals in our justice system.  The defendants' obvious lie (on which they largely rely to request for extension of time to answer the amended complaint) is in clear violation of FRCP 11.

3. The Plaintiff respectfully requests this Honorable Court to take judicial notice of the fact that at the February 10, 2023, the Rhode Island Family Court ordered "interest put back on the system without prejudice to the defendant" and ordered the defendant RI OCSS to comply with discovery by the Plaintiff in family court forthwith.  This fact establishes that the defendant RI OCSS lacked the legal authority to put interest back on the system in December 2021, and lacked legal authority to seize the Texas Plaintiff's property, or place liens on the Texas Plaintiff's property, or place levy against the Texas Plaintiff's property from December 2021 to the present, as pled in the Amended Complaint [ECF 12].  The Plaintiff intends to file a claim for malicious prosecution against the defendants.

4. Following the hearing, the Family Court did not find significant arrears owed by the Plaintiff, and ordered the interest back on the system only because the defendant RI OCSS claimed that the defendant agency took the interest off the system on their own volition without legal authority and without prior family court approval (a pattern of behavior that RI OCSS has been shown to do) five years ago in 2018. Defendants' gross distortion of the facts here warrants a Rule 11 Sanction, pursuant to Fed. Rules of Civ. P. 11.  A copy of the family court stamped proposed order the

Plaintiff filed on February 16, 2023 with the Family Court is attached hereto as Exhibit A and is incorporated herein as fact by reference. Plaintiff respectfully requests judicial notice of this fact.

5. Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses, as asserted by the defendants. Defendants are dilatory and lie before this court to delay answering the complaint by 60 days at the pleading stage. FRCP 26 as amended in 2015 make clear that it is in the interest of justice to speed up towards discovery allowing the holding of the Rule 26 conference as early as 60 days after service of summons and complaint, and not delay answering the complaint for another 60 days based on gross misrepresentation of facts by the dilatory defendant, as here.

6. WHEREFORE, the Plaintiff prays for Rule 11 sanctions against the defendants and defendants counsels. Plaintiff prays the Court strike from the record defendants' Motion for Extension of Time [ECF 15]. Plaintiff prays for the entry of default against the defendants pursuant to Rule 55(a), which Plaintiff applied on March 1, 2023 (ECF 16 and ECF 17).

Respectfully submitted,

March 3, 2023

FOR PLAINTIFF
MARY SEGUIN, Pro Se.

By: ___*Mary Seguin*___
Mary Seguin
P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2023, I filed the within proposed Motion via the ECF filing system and that a copy is available for viewing and downloading.

_____*Mary Seguin*___

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,

*Plaintiff,*

VS.                                                                                               Civil Action No. 1:23-cv-00034

RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS and TIMOTHY FLYNN in their individual and official capacities; GERO MEYERSIEK,

*Defendants*

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RULE 11 MOTION FOR SANCTIONS AGAINST DEFENDANTS

Pursuant to Fed. Civ. R. P. 11(b), the Plaintiff moves for Rule 11(b) Sanctions against defendants Rhode Island Office of Child Support Services, Kevin Tighe, Monique Bonin, Frank DiBiase, Wendy Fobert, Karla Caballeros, and Timothy Flynn, for filing the Motion for Extension of Time (ECF 15) that has no reasonable factual basis, is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and is filed in bad faith for an improper purpose.  Plaintiff submits this memorandum of  law in support thereof:

1. In **Nyer v. Winterthur Int'l, 290 F.3d 456, 460 (1st Cir. 2002)** "Rule 11 provides for the imposition of sanctions against an attorney who files a pleading, motion or paper that is not well grounded in fact or is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" (internal quotation marks

omitted)). Sanctions are appropriate under Rule 11 because defendant RI OCSS and its counsels have violated Rule 11 by asserting "factual allegations without 'evidentiary support' or the 'likely' prospect of such support." ; see Fed. R. Civ. P. 11(b)(3). RI OCSS submits to this Court RI OCSS's proposed order (which is contested by Seguin) that does not say itself anything about the family court finding Seguin owes substantial interest. Instead, RI OCSS's proposed order states that RI OCSS is to comply with discovery forthwith. Ordering RI OCSS to comply with discovery means the court ordered the collection of data and discovery of facts in the possession of RI OCSS to be brought before the court, so as to enable the court to make findings of fact in the furtherance of justice, and NOT to make a predetermination prior to the collection of facts.

2. "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." See **Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987).**

3. Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." see **Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)**

4. The Standard of Review: Nasco Factors (**Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)**)

5. WHEREFORE, Plaintiff respectfully requests the Court to sanction defendants and counsels for Rule 11 violations, prays the Court strike defendants' Motion for extension of time (ECF 15), and to enter default against the defendants pursuant to Rule 55(a).

Respectfully submitted,

March 3, 2023

FOR PLAINTIFF
MARY SEGUIN, Pro Se.

By: _____*Mary Seguin*_____
Mary Seguin

P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2023, I filed the within proposed memorandum of law via the ECF filing system and that a copy is available for viewing and downloading.

_____*Mary Seguin*_____