UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,

*Plaintiff,*

VS.                                                                                    Civil Action No. 1:23-cv-00034

RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS and TIMOTHY FLYNN in their individual and official capacities; GERO MEYERSIEK,

*Defendants*

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

The Plaintiff, MARY SEGUIN, moves this Court for entry of a default judgment as to defendant GERO MEYERSIEK, upon the complaint heretofore filed and served upon the defendant, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following:

    1. On January 17, 2023, the Plaintiff sent by mail to file in the United States District Court, District of Rhode Island, a Complaint alleging breach of contract, unjust enrichment, misrepresentation, and additional counts totaling twenty-two against the defendant GERO MEYERSIEK.

    2. On February 9, 2023, a copy of the Complaint and Summons in this action was served by the Rhode Island Sheriff upon the defendant GERO MEYERSIEK, at defendant's primary residence at 86 Elton Street, Providence, RI 02906. A copy of the Process Receipt and Return and Summons has been attached thereto ECF 19 as Exhibit A and is incorporated herein by reference. The Process Receipt and Return bears the signature of the defendant GERO MEYERSIEK.

3. On February 14, 2023, the Plaintiff filed the Amended Complaint and served the defendant GERO MEYERSIEK.

4. On March 3, 3023, after more than twenty-one days had elapsed since the service of said Complaint and Summons upon defendant, and more than fourteen days since the service of the Amended Complaint upon the defendant, , no Answer thereto having been served by the defendant GERO MEYERSIEK upon the Plaintiff, and defendant GERO MEYERSIEK having failed to appear, the Plaintiff notified the defendant GERO MEYERSIEK of the Plaintiff's petition to this Court for entry of a default judgment against defendant.  A copy of said letter is attached thereto ECF 19 as Exhibit B and is incorporated herein by reference.

5. Defendant GERO MEYERSIEK has failed to appear, plead or otherwise defend this action, and the Plaintiff is entitled to judgment by default against defendant.

6. The Court entered ENTRY of DEFAULT against Defendant GERO MEYERSIEK on March 8, 2023 (ECF 23).

7. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the defendant for relief sought by Plaintiff in its amended complaint, and written notice of this action has been given to defendant.  LR Cv 55(b)(2), does not apply to defendant Gero Meyersiek, since Gero Meyersiek did not even enter any appearance whatsoever to respond to the Court's Summons, which was properly served by the Rhode Island Sheriff on Gero Meyersiek on February 9, 2023.  The Plaintiff filed a Motion for Default Judgment against GERO MEYERSIEK on March 3, 2023 (ECF 19) which referred to LR Cv 55(b)(2) by error.  As such, the Plaintiff withdraws Plaintiff's reference to LR Cv 55(b)(2) in Plaintiff's Motion for Default Judgment (ECF 19) and files this corrected Motion for Default Judgment as correction of docket # 19.

8. Therefore, as LR Cv 55(b)(2) does not apply to (a party) the defendant GERO MEYERSIEK who did not appear at all, and as the Court entered ENTRY of

DEFAULT against GERO MEYERSIEK on March 8, 2023 (ECF 23), Plaintiff respectfully requests this Honorable Court to enter default judgment against defendant Gero Meyersiek, pursuant to Fed. R. Civ. P 55(b).  Since the Plaintiff already filed a Motion for Default Judgment (ECF 19) on March 3, 2023, Plaintiff requests the Court to enter default judgment counting from March 3, 2023.

9. In pertinent part, Fed. R. Civ. P. 55(b) (2) provides: "[If] the party against whom judgment by default is sought has appeared in the action, the party ... shall be served written notice of the application for judgment at least 3 days prior to the hearing on such application." (Emphasis supplied). By its very terms, therefore, Rule 55(b) (2) does not apply where, as here, GERO MEYERSIEK has not appeared in the action and where the court has found GERO MEYERSIEK to be in default for a failure to appear (ECF 23 Entry of Default). *See* **Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 688 (1st Cir. 1993)**.  The Court may on its own motion enter default judgment.  Pertinent authority supports such a construction of the Rule. *See* **Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc., 856 F.2d 873, 877 (7th Cir. 1988)** (notice requirement of Rule 55(b) (2) does not apply where district court entered default order on its own motion) (citing **Tolliver v. Northrop Corp., 786 F.2d 316, 318 (7th Cir. 1986)**); *see also* **Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141-42 (9th Cir. 1989)** (notice requirement of Rule 55(b) (2) does not apply where party is defaulted for failing to attend the first day of a trial scheduled months before); **Brock v. Unique Racquetball and Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)** (notice requirement of Rule 55(b) (2) does not apply where party is defaulted for defense counsel's and *parties' failure to appear* at a trial that already has commenced). Accordingly, the court in **Medfit Int'l, 982 F.2d 686, 692–93 (1st Cir. 1993),** affirmed the district court's default judgment against defendant for defendant's "**failure to appear**." *Id*. at **692**.  Accordingly, Rule 55(b) (2) does not provide with a basis for a three day notice to a defendant party that failed to appear.

10. The maxim is that an entry of a default against a defendant establishes the defendant's liability. *See* **Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985)** ("[T]here is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."), cert. denied, **475 U.S. 1018, 106 S. Ct. 1204, 89 L. Ed. 2d 317 (1986)**; *see also* **United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989)** ("As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint."); **Eisler v. Stritzler**, **535 F.2d 148, 153 (1st Cir. 1976)** (noting that "[t]he default judgment on the pleaded allegations in plaintiff's complaint established ... defendant's liability."). Thus, the court's entry of default established GERO MEYERSIEK's liability for damages, interest and costs due.

PRAYER

**WHEREFORE**, plaintiff prays that this Court enter a judgment of default against the defendant GERO MEYERSIEK, for $4,584,183.12 plus Costs and Fees and prejudgment interest.

AFFIDAVIT

I, MARY SEGUIN, do hereby certify that the statements and allegations set forth in the foregoing Motion is true and accurate to the best of my knowledge and belief.

Respectfully submitted,

March 8, 2023

FOR PLAINTIFF
MARY SEGUIN, Pro Se.

By: *Mary Seguin*
Mary Seguin
P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 8, 2023, I served by mail the within correct Motion upon the Defendant GERO MEYERSIEK at 86 Elton Street, Providence, RI 02906, at the address where the defendant was served with process and the defendant's last known address, and I filed the within Motion via the ECF filing system, a copy of which is available for viewing and downloading.

                                                    _/s/ Mary Seguin_____